**BOWSHIER, Plaintiff-Appellee v. WILLIAMS, Defendant-Appellant.**

Ohio Appeals, Second District, Fayette County.

No. 253.   Decided April 8, 1943.

W. S. Paxson, Washington C. H., for plaintiff-appellee and for the motion.

Charles S. Hire, Washington C. H., for defendant-appellant and contra the motion.

## OPINION

**BY THE COURT:**

Submitted on motion of Appellee to dismiss the appeal for failure of Appellant to file assignments of error, briefs and bill of exceptions within the time prescribed by Rule VII of the Court of Appeals, and for an order taxing as part of the costs in the case, a reasonable fee to the attorney for the appellee, and to adjudge to the appellee damages in a reasonable sum, as provided by §12223-36 GC.

The action was originally instituted in replevin in the court of a Justice of the Peace and judgment there entered in behalf of the plaintiff. Defendant prosecuted appeal to the Common Pleas Court where judgment was again entered for plaintiff for a very small sum of money, the entry reciting that the defendant had turned over to the plaintiff the goods and chattels found by him to have been unlawfully detained from the plaintiff. The amount of the judgment in the Common Pleas Court was for damages in the sum of $9.00 and the cost of the action. From this judgment de-

fendant noted an appeal on questions of law and fact, and pursuant to the order of the court gave an appeal bond which was duly approved. The notice of appeal was regular in form and it, and the bond, were filed within statutory time.

Thereafter no assignments of error, bill of exceptions or briefs were filed in the appeal up to the time that the plaintiff-appellant filed the motion which we now consider.

Both branches of the motion must be overruled.

Although the action as it proceeded in the Common Pleas Court was clearly one at law from which an appeal could be prosecuted only upon questions of law, the appeal was noted as on law and fact, and appeal bond given. Under the Appellate Code but one step is jurisdictional, namely, the filing of the notice of appeal, and the appellate may note the type of appeal which he elects to prosecute. If he notes the appeal to be on questions of law and fact, if it is improperly designated such determination must be made in the Appellate Court. The proper procedure in this situation is set out in the sixth procedural step to be taken on an appeal from a lower court to the Court of Appeals at page 42, Hornbeck & Adams, 1941 Supplement, Trial and Appellate Practice in Ohio, as follows:

"If appeal on questions of law and fact does not lie in the case, appellee should, at once, file a motion to dismiss the appeal on questions of law and fact. Upon sustaining the motion the Court of Appeals must retain the case and hear the appeal on questions of law. **Loos v Railway, 134 Oh St 321,** 16 N. E. (2d) 467. Appellant should then have the Court of Appeals, by journal entry, fix the time for settlement and filing of a bill of exceptions and comply with the rules for an appeal on questions of law. **In re McKee, 32 Abs 209, 353."**

The procedure when the court finds that the case cannot be heard upon the facts is set out in §11564 GC.

Rule VII of the Court of Appeals has, as its title indicates, application only to appeals on questions of law and until it appears or there has been a determination that the appeal shall proceed as upon questions of law the rule is without effect.

On appeals on questions of law and fact, ordinarily briefs are not filed until after the cause has been submitted to the court on its merits. **Rabold v Rabold, 23 Abs 126,** Hornbeck & Adams, Supplement, Trial and Appellate Practice, 47.

That part of the motion seeking an order of this court fixing attorneys fees and damages is not timely because no judgment has been entered or could properly be entered in this court at this time, and such an order could only be made as a part of the final judgment in this court.

Inasmuch as the nature of this appeal had been directed to our attention by the motion which we have considered, and it clear-

ly appearing that the appeal may not proceed as upon questions of law and fact it is now so determined and it may proceed as upon questions of law only. Defendant-appellant will be given thirty days after the entry journalizing this opinion within which to have a bill of exceptions settled and allowed in the trial court, and the time for filing briefs and assignments of error will thereafter be determined by the application of Rule VII of the Court of Appeals.

Appellee's motion will be overruled.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.